IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VILMA J. LINARES | : | NO. 16-4463 |

**MEMORANDUM OPINION**

Savage, J.                                                                                          November 30, 2016

      Claiming an inability to personally serve the defendant, the plaintiff United States of America moves for allowance to serve her by mailing a copy of the summons and the complaint by certified and regular mail and by posting a copy of the summons and the complaint at her last known property address. Because its efforts to locate and serve the defendant were insufficient, we shall deny the motion.

      An individual may be served by either delivering the summons and a copy of the complaint personally to the defendant or leaving copies at the individual's dwelling or usual place of abode with someone of suitable age. Fed. R. Civ. P. 4(e). According to the plaintiff, the process server was unable to serve the defendant personally. Relying upon Pennsylvania law, the plaintiff seeks permission to serve the defendant by alternate means. Pa. R. Civ. P. 430(a).

      There is no federal rule providing for alternative service. However, by virtue of Fed. R. Civ. P. 4(h)(1)(A), which permits any method of service allowed by the state in which the judicial district is located, Pennsylvania Rule of Civil Procedure 430 opens the door for alternative service. That rule provides that "the plaintiff may move the court for a special order directing" an alternative method of service. Pa. R. Civ. P. 430(a).

Rule 430 does not explicitly state the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). Implicit in this requirement is the plaintiff's obligation to make both a good faith effort to locate the defendant and a practical effort to serve the defendant.

Alternative service is only appropriate as a "last resort" when personal service cannot be made. *Johnson v. Berke Young Int'l L.L.C.*, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007) (citing *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006)). In other words, the plaintiff must establish that personal service cannot be made before it will be permitted to serve defendant by an alternative method. Furthermore, service of process by publication is such "an extraordinary measure" that the plaintiff must demonstrate that every reasonable effort was made to ensure the defendant receives actual notice of the lawsuit. *Sisson v. Stanley*, 109 A.3d 265, 270 (Pa. Super. Ct. 2015), *appeal granted in part*, 121 A.3d 956 (Pa. 2015), and *appeal dismissed as improvidently granted*, 141 A.3d 1238 (Pa. 2016) (quoting *Fusco v. Hill Fin. Sav. Ass'n*, 683 A.2d 677, 680 (Pa. Super. Ct. 1996)).

Before alternate service is permitted, the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is "reasonably calculated to provide the defendant with notice." *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007) (quoting

*Calabro*, 464 F. Supp. 2d at 472). If the plaintiff fails to satisfy the first two requirements, there is no need to consider the third.

Here, the plaintiff has failed to meet its burden to demonstrate that it made a good faith effort to locate the defendant and practical efforts to serve her. Therefore, it has not shown that service upon the defendant cannot be made.

### Good Faith Efforts to Locate Defendant

The note to Rule 430 provides a non-exhaustive list of good faith efforts: (1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information Act ("FOIA"), 29 C.F.R. Part 265; (2) inquiries of relatives, neighbors, friends and employers of the defendant; and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records. Pa. R. Civ. P. 430(a), note. Other efforts include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services." *Barbosa v. Dana Capital Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (citations omitted). Unless the plaintiff uses most of these methods, efforts to personally serve a defendant are deemed insufficient. *Id.*; *Johnson*, 2007 WL 3010531, at *1. In short, good faith efforts require more than a "mere paper search." *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).

The plaintiff's efforts to locate the defendant fall short.[1] Its investigation included an undefined employment search, a credit header inquiry, death records review, a postal FOIA inquiry, a skip tracer search, prison and military searches, Internet

---

[1] Pl.'s Mot. for Service by Posting Property and Certified Mail, Ex. B (Doc. No. 2-1).

searches, and three unsuccessful telephone calls.[2] Although the plaintiff claims the defendant's credit report was obtained, none has been produced. Attempts to telephone "a possible neighbor," "a possible relative," and "a possible number of the defendant" were unsuccessful because service was disconnected.[3] There is no evidence that the numbers called were associated with the defendant, her neighbor or her relative. Other than the credit header inquiry and the skip tracer result, none of the plaintiff's searches confirmed the defendant's last known address.[4]

The plaintiff made no inquiry of voter registration records, ownership or rental status of the property where the process server attempted service, or tax records. Ownership of the property would provide a source for determining whether the defendant resided there. If the property is not owned by the defendant, the owner could verify if she resided there. Where she is registered to vote would confirm whether she lived at that address or another address.

These attempts to locate the defendant are insufficient. Based upon the plaintiff's failure to diligently locate the defendant, one cannot reasonably conclude that she resides there.

### Practical Efforts to Serve Defendant

The plaintiff must also demonstrate that once it located the defendant, it made practical efforts to serve the defendant. Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

necessary. *See Banks v. Alvarez*, No. 08-2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008). Though "[t]he number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical . . . it is certainly probative." *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009). For example, as many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant. *Olympic Steel, Inc. v. Pan Metal & Processing, L.L.C.*, No. 11-6938, 2012 WL 682381, at *3 (E.D. Pa. Mar. 2, 2012); *Banegas*, 2009 WL 1140268, at *2; *Shannon Cab Co.*, 2007 WL 2319776, at *1–2 (granting motion for alternate service after "several attempts" at service were made in one day, residents "refused to come to the door," and defendant evaded "further attempts" over the next seven days, including a stakeout).

Here, a process server made three attempts to serve the defendant on different days during the same week, at 8:03 a.m., 1:20 p.m., and 6:38 p.m., respectively.[5] Each time, the process server received no answer. She did not stake out the location. A neighbor told the server that an individual named "Deedee" resided at the property where service was attempted.[6] No physical description was obtained. Unless Deedee is the defendant's nickname, the neighbor's information indicates that the defendant did not reside there.

These efforts to serve the defendant are insufficient. Indeed, the failure to serve the defendant at the address suggests that she does not live there. Thus, the plaintiff had an obligation to make diligent efforts to locate the defendant.

---

[5] Pl.'s Mot. for Service by Posting Property and Certified Mail, Ex. A (Doc. No. 2-1).

[6] *Id.*

## Conclusion

The plaintiff has not established that service cannot be made upon the defendant. Its efforts to locate and to serve her are insufficient. Therefore, we shall deny the plaintiff's motion for alternative service.